UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCELO SANDOVAL,

        Petitioner,

v.                                                Case No. 09-C-928

WARDEN, FCI OXFORD,

        Respondent.

**ORDER**

On September 25, 2009, Marcelo Sandoval, a Mexican national incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, filed this petition pursuant to 28 U.S.C. § 2241. Sandoval asserts that his incarceration is unconstitutional because his sentence was imposed in violation of his right to effective assistance of counsel. Sandoval also claims a violation of his right to due process, as he asserts was not competent to stand trial given his lack of knowledge of the English language.

Sandoval was convicted after a jury trial of one count of kidnaping in violation of 18 U.S.C. § 1201(a)(1), one count of using and carrying a firearm in violation of 18 U.S.C. § 924(c), and one count of conspiracy to possess with intent to distribute marijuana, cocaine and methamphetamine in violation of 21 U.S.C. § 846. On January 13, 1999, Sandoval was sentenced in the Central District of Illinois to 240 months on count one, 120 months on count two, and 262 months on count three. The sentences for the kidnaping and drug charges were concurrent and the sentence for the § 924(c) count was consecutive. His conviction and sentence were affirmed. *See United States v.*

*Sandoval*, 241 F.3d 549 (7th Cir. 2001). The Supreme Court denied his petition for certiorari. Sandoval then brought a § 2255 motion in the Central District of Illinois following his unsuccessful appeal, which the district court denied on April 8, 2003. He appealed the district court's denial of his § 2255 motion and the Seventh Circuit affirmed the district court on June 23, 2003. He then went back to the district court with a motion under Fed. R. Civ. P. 60(b), which the district court denied on October 1, 2008.

The Court must consider whether the petitioner may bring this petition under § 2241, as § 2255 is generally the only avenue available to a federal inmate challenging his conviction or sentence. A prisoner may resort to § 2241 only in extremely limited circumstances, such as when an intervening change in law has decriminalized the conduct underlying the petitioner's conviction. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002). As the Seventh Circuit has summarized the law:

> Ordinarily § 2255 is the exclusive means for a federal prisoner to attack his conviction. But § 2255 contains a "savings clause" permitting prisoners to proceed under § 2241 (usually reserved for attacking the execution, not imposition, of a sentence) in those cases where § 2255 is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255 ¶ 5. We have explained that § 2255 is "inadequate" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that "establishes the petitioner's actual innocence." *See Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

*Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (per curiam). The first step in a petitioner's demonstrating that § 2255 is "inadequate" is a showing "that the legal theory he advances relies on a change in the law that both postdates his first § 2255 motion (for failure to raise a claim the first time around does not render § 2255 'inadequate') and 'eludes the permission in section 2255 for successive motions.'" *Id*. (*citing United States v. Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)).

If he can clear this hurdle, petitioner must then "establish that his theory supports a non-frivolous claim of actual innocence." *Id.*; *see also Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008) ("Quite apart from the limit on successive collateral attacks, § 2255 is inadequate or ineffective only when a prisoner is unable to present a claim of actual innocence.").

Here, Sandoval fails on the first step, as he does not show that the legal theory he advances relies on a change in the law that postdates his § 2255 motion. Although petitioner contends in his brief that an intervening change in the law decriminalized the actions for which he was convicted, this contention does not withstand close scrutiny. (Mem. of Law in Supp. of Pet. at 12.) Sandoval's claim is that both his counsel and the government's counsel in his direct appeal "failed to make it clear" that he was charged with a violation of the version of 18 U.S.C. § 924(c) effective prior to the 1998 revisions to the statute. (*Id.* at 17.) Because of this, Sandoval argues that the Seventh Circuit "incorrectly assumed" that he had been charged and convicted of a violation of 18 U.S.C. § 924(c)(1) that became effective in 1998 instead of its predecessor, which permitted it to distinguish Sandoval's case from *Castillo v. United States*, 530 U.S. 120 (2000).

*Castillo* held that under the version of § 924(c) in effect before the 1998 revision, the statute created separate, aggravated crime based upon the type of firearm used, instead of sentencing factors to be determined by the judge. Accordingly, to convict a defendant under the offenses in § 924(c)(1), the government must charge the use of the specific firearm in the indictment, present evidence to the jury, and prove the commission of the particular crime beyond a reasonable doubt. Sandoval's argument is that the Seventh Circuit erroneously found *Castillo* distinguishable in affirming his conviction on direct appeal based upon its assumption that he was convicted under a later version of the statute. He asserts that he was not found guilty beyond a reasonable doubt of

3

having actually used or carried a semi-automatic assault weapon, an offense for which he was sentenced to a mandatory minimum of ten years consecutive to his other charges.[1]

The problem with Sandoval's attempt to bring an ineffective assistance of counsel claim relating to how his direct appeal was handled in a § 2241 petition is that *Castillo* is not a change in the law which post-dated his § 2255 motion, as it is a 2000 decision and his § 2255 motion was filed in 2002. There is nothing that would have prevented Sandoval from raising in his § 2255 motion his claim that his appellate counsel was ineffective on direct appeal for not clarifying which version of the statute he had been convicted under and whether or not *Castillo* was applicable.

Beyond his claim appellate counsel was ineffective in failing to set the record straight on direct appeal regarding which version of § 924(c) applied, Sandoval makes other claims of ineffective assistance in support of his petition. Sandoval asserts that his appellate counsel was ineffective for failing to argue that the trial court should have treated the general verdict of guilty returned by the jury on the count three, which alleged a conspiracy to distribute marijuana, cocaine and methamphetamine, as if Sandoval had been convicted of an unspecified quantity of marijuana, because it carried the lowest statutory penalty. He also claims he did not enjoy effective assistance of counsel at sentencing for counsel's failure to make this argument.

Finally, Sandoval faults his trial counsel failing to ensure that the Mexican consulate was notified regarding Sandoval's criminal proceedings. Sandoval's theory is that had his counsel made the consular notification, or ensured that the prosecution did, the consulate would have been able to provide Sandoval with a sorely-needed interpreter. Because he claims he did not understand the

---

[1]According to the memorandum in support of the petition, the jury returned a special verdict indicating that Sandoval possessed an AA Arms 9mm handgun, but it did not state that it found this beyond a reasonable doubt or that the handgun was a semi-automatic assault weapon.

4

proceedings and could not communicate with his counsel, Sandoval asserts he was not competent to be tried and therefore suffered a violation of his due process rights.

Relief under § 2255 would have been adequate for any of the other grounds for habeas relief Sandoval advances. First, § 2255 is not "inadequate" merely because the federal habeas statute places severe restrictions on the filing of second or successive § 2255 motions – otherwise, § 2241 would be an all-too-convenient means of circumventing the second-or-successive restrictions in § 2255(h). Thus, the fact that leave to file a second petition under § 2255 would likely be denied does not mean § 2241 is automatically available as an alternative. Additionally, because Sandoval fails to point to a new and retroactive rule of constitutional law pronounced by the Supreme Court after his § 2255 motion, the Court can discern no reason to provide him "one further bite at the apple," *Davenport*, 147 F.3d at 610, in challenging the accuracy of the trial court's determination of guilt. In short, none of the narrow exceptions to the exclusivity of § 2255 apply. Because § 2255 is the proper means of bringing the present challenge, the § 2241 petition will be **DISMISSED**.

**SO ORDERED** this    26th    day of October, 2009.

                                             s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge